IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SIDNEY E. SCOTT,

    Petitioner,

vs.                                          Case No. 4:04cv351-RH/WCS

JAMES V. CROSBY,

    Respondent.

_____/


## ORDER ON MOTION TO DISMISS

    Petitioner filed a 28 U.S.C. § 2254 petition on August 23, 2004 (the date of mailing). Doc. 1. Respondent was directed to file an answer or other response. Doc. 3.

    Respondent filed a motion to dismiss the petition as untimely. Doc. 5. References to exhibits are to those submitted with the notice of filing exhibits. Doc. 6. Petitioner filed a response to the motion to dismiss. Doc. 7. As set forth below, Respondent has not demonstrated that the § 2254 petition is untimely.

    There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[1]  Petitioner did not take a timely appeal, so his conviction became final on May 17, 2002, when the time for filing a notice of appeal expired. Fla.R.App.P. 9.140(b)(3).

The limitations period is tolled for the time during which a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2)(e).  As the one year expired on May 17, 2003, Respondent contends that Petitioner's Fla.R.Crim.P. 3.850 motion, which was filed on February 9, 2004, was too late to toll the period.  Doc. 5, p. 5.[2]

Here Petitioner had until May 17, 2002, to file a notice of appeal.  He filed a petition for belated appeal on December 3, 2002 (the date it was filed).  Ex. A.  The petition was dismissed on January 31, 2003.  Ex. B.  Based on Petitioner's motion filed February 19, 2003, the petition for belated appeal was reinstated on March 17, 2003. Ex. C.

---

[1] The limitations period runs from the latest of the following: the date on which the judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).

[2] Respondent refers to the date of filing as February 13, 2004 (doc. 5, p. 5), but the motion was signed and apparently mailed on Feb 9, 2004 (Ex. N).  Under the mailbox rule, applied here and in Florida courts, a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it.  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Thompson v. State, 761 So.2d 324, 325 (Fla. 2000).

Jurisdiction was relinquished to the trial court, a hearing was held, and the court recommended that a belated appeal be denied. Ex. K. The petition was denied on October 14, 2003, and rehearing was denied on November 14, 2003. Exs. L and M.

Petitioner filed a 3.850 motion on February 9, 2004 (the date it was signed). Ex. N. Relief was denied and denial was affirmed by mandate issued August 17, 2004. A motion for rehearing was denied by the appellate court on August 31, 2004. Ex. T. The § 2254 petition was filed on August 23, 2004.

Respondent asserts that the belated appeal proceeding did not toll *any* of the period under § 2244(d)(2):

> Although Florida rules of appellate procedure permit the filing of petitions for belated appeals, Fla. R. App. P. 9.141(c), the granting of a delayed appeal is not a certainty. And, while an appeal may be revived, the prospect of revival does not render the appeal "pending" in the interim. Herein, Petitioner was not ultimately relieved of the 30-day filing requirement by the district court and finality of the state judgment was not delayed during any intervening period preceding the First District Court's ultimate denial of the petition. To conclude otherwise would allow state prisoners to use belated appeal petitions to stall out state judgment finality regardless of whether or not state action hindered a timely filing. Compare Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003); Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000).

Doc. 5, pp. 5-6.

The cases cited do not stand for the proposition that there is no tolling while a properly filed petition for belated appeal is *actually pending*. In Moore v. Crosby, the court considered "what effect the granting of a motion for belated appeal from the denial of a timely state application [for post conviction relief] would have on calculating how long that state application was pending under section 2244(d)(2)." 321 F.3d at 1380. The court noted that few circuits had addressed the issue of whether this could revive

the time during which no state petition had been pending.  *Id.*, at 1380, *citing* Gibson (other citations omitted).  The court was "particularly persuaded" by Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001), where it was explained "that a state court's subsequent decision to permit review may toll the time relating to the application, but it does not change the fact that the application was not pending prior to the filing of the application." 321 F.3d at 1380 (discussing Melancon).  "We agree with the Fifth Circuit that a difference exists between giving a petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and 'retroactively' tolling periods in which the petitioner is not attempting to exhaust state remedies."  321 F.3d at 1381. *See also* Gibson, 232 F.3d at 804 ("[t]he state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court."); Orange v. Calbone, 318 f3d 1167, 1173 (10th Cir. 2003) (where an untimely appeal is granted it should be treated as part of the direct review process for determining when the conviction became final, but "in the more typical circumstances" that the untimely appeal is denied, "such proceeding can, at most, only toll the AEDPA statute of limitations.").

     Respondent has not argued that the petition for belated appeal was not properly filed, or otherwise argued that, even if the belated appeal proceedings tolled part of the period, the § 2254 petition is still untimely.  Respondent will have the opportunity to file an amended motion to dismiss, or alternatively to file an answer.  The current motion to dismiss is therefore deemed moot.  Petitioner may (but is not required to) file a reply within the time set forth below.

Accordingly, it is **ORDERED**:

1. The motion to dismiss (doc. 5) is **DISMISSED** without prejudice as moot.

2. Respondent shall have until **July 22, 2005**, to file an amended motion to dismiss, or alternatively to file an answer to the § 2254 petition.

3. A reply, if any, shall be filed by Petitioner no later than **August 22, 2005**.

**DONE AND ORDERED** on June 14, 2005.

                                                    **s/  William C. Sherrill, Jr.**
                                                    **WILLIAM C. SHERRILL, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**