# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SIDNEY E. SCOTT,**

    Petitioner,

vs.

                      **CASE NO. 4:04cv351-RH/WCS**

**JAMES CROSBY,**

    Respondent.

_____/

## SECOND REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Sidney E. Scott pursuant to 28 U.S.C. § 2254. Doc. 1. A report and recommendation was entered on October 7, 2005. Doc. 14. Petitioner filed objections, arguing as to ground one that my report and recommendation failed to consider whether his trial counsel was ineffective for failure to consult with him about whether to file an appeal from the revocation of probation and the ensuing 12 year sentence. Doc. 15. The Court remanded the case to me to reconsider that issue. Doc. 16.

Petitioner and Respondent were afforded an opportunity to file further argument. Doc. 17. Petitioner has not filed anything further, and consequently there is no need to wait for a response from Respondent.

**The law governing the claim remanded for consideration**

Roe v. Flores-Ortega, 528 U.S. 470, 477,120 S.Ct. 1029, 1034, 145 L.Ed.2d 985 (2000) held that the issue of whether counsel was ineffective for failing to file a notice of appeal, like all other Strickland questions, "will turn on the facts of a particular case." 528 U.S. 477, 120 S.Ct. 1034-1035 (citation to Strickland omitted). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.*, 120 S.Ct. at 1035. "[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.*, *quoting*, Peguero v. United States, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999).

Relevant to the claim remanded, the Court further said:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. . . . If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Id.* at 478, 120 S.Ct. at 1035.

The Court was unable to say that, "as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Id.* at 479, 120 S.Ct. at 1036 (emphasis by the Court). The Court said that where there was a guilty plea, the sentence was the one expected, and the sentencing court has explained the defendant's appeal rights, "it would be difficult to say that counsel is 'professionally unreasonable' . . . as a constitutional matter, in not consulting with such a defendant regarding an appeal." *Id.* The Court felt that an attorney might reasonably decide not to repeat the information about the right to appeal if the court has done so clearly. *Id.* at 480, 120 S.Ct. at 1036.

The Court concluded:

> We . . . hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. . . . Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* at 480, 120 S.Ct. at 1036.

**The procedural status of the claim remanded**

In the first report and recommendation, I did not consider the antecedent claim discussed in Roe v. Flores-Ortega because Petitioner did not make that claim in his petition. Doc. 1. It has been Petitioner's adamant position that on April 17, 2002, "I requested my Trial Counsel, Don Pumphrey, Jr., to file a notice of appeal on my cases at the sentencing hearing." Doc. 1, p. 5. Petitioner further alleged that Pumphrey said he was filing a notice of appeal in "all cases." Id. Petitioner did not allege that no appeal was taken because Pumphrey failed to consult with him about an appeal.

In responding to this particular claim, Respondent conceded that Petitioner had exhausted state court remedies, citing doc. 11, Ex. G, pp. 1-6. State court remedies as to this claim had been exhausted by Petitioner's amended petition for a writ of habeas corpus in the First District Court of Appeal for a belated appeal.[1] In this petition, Petitioner alleged:

> Subsequent to the April 17, 2002, imposition of the foregoing sentence [violation of probation and sentence of 12 years in prison], Petitioner timely requested trial counsel Mr. Don Pumphrey, Jr. To file a "notice of appeal" to question if the violation of probation was warranted.

Ex. G, p. 2. Petitioner framed the issue before the state court as to "whether trial counsel Mr. Don Pumphrey Jr. was ineffective for failing to file a notice of appeal, although timely requested to do so." Id., p. 3. Petitioner alleged that he specifically told

---

[1] Petitioner filed a post-conviction motion in state court styled a motion under both Florida Rules of Criminal Procedure 3.800 (to correct an illegal sentence) and, as relevant here, 3.850. Doc. 11, Ex. N, R. 1-36. Petitioner made no claim of ineffective assistance of counsel in failing to consult with or advise him regarding an appeal of the sentence arising from the revocation of probation, and the circuit court did not address any such claim in its order denying this motion. Id., R. 74-78.

Case No. 4:04cv351-RH/WCS

Pumphrey to appeal the violation of probation at the April 17, 2002, violation of probation hearing.  *Id.*

It was this factual allegation that prompted the state court to hold the evidentiary hearing on August 1, 2003.  Doc. 11, Ex. K, order denying belated appeal and transcript of hearing.  In a written order after the hearing, the trial court found as fact[2] that "there was no request to appeal the violation of probation conviction and sentence in case number 88-3949."  *Id.*, p. 3.  At the end of the evidentiary hearing the circuit judge said: "The Court finds that there was no request to take an appeal from the VOP and that there's no basis for a belated appeal of that VOP conviction."  Doc. 11, Ex. K, exhibit 1, p. 25.

This state court finding of fact was the focus of the first report and recommendation.  Findings of fact by state courts in § 2254 cases come to this court with a presumption of correctness.  "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner had "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted).  It was Petitioner's burden to show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(2); 321 F.3d at 1322 (citing the statute).

---

[2] This is plainly a finding of fact, although it appears in the section of the order entitled "conclusions of law."

Case No. 4:04cv351-RH/WCS

The evidence before the state circuit court was equivocal, and those evidentiary problems were discussed in the first report and recommendation. Petitioner had a heavy burden, to rebut the presumption of correctness with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Given the heavy burden upon Petitioner, the recommendations in the first report and recommendation remain valid. This presumption of fact was not overcome by Petitioner. Therefore, this court has before it a case where the claim made in state court was denied based upon a valid factual finding that Petitioner did not ask his attorney to file an appeal from the revocation of his probation.

That said, this is not a case where Petitioner claimed in state court that counsel failed to properly consult with him as to his right to appeal.[3] For this reason, this factual issue was not developed during the state court evidentiary hearing. Ex. G., exhibit 1 (transcript pp. 1-26.). Petitioner testified at the state court evidentiary hearing: "I wanted to appeal all my cases." *Id.*, p. 9. He insisted that he told the court (Judge Francis) that he wanted to appeal on all cases. *Id.*, p. 18. That was the only factual issue considered during this hearing.

Accordingly, Petitioner defaulted as to the development of the factual basis of the claim that his attorney failed to consult with him about his right to appeal. Under these circumstances, 28 U.S.C. § 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –

---

[3] Indeed, Petitioner did not make that claim in his objections to my report and recommendation. Doc. 15, pp. 2-4. Petitioner simply quotes Roe v. Flores-Ortega.

Case No. 4:04cv351-RH/WCS

    (A) the claim relies on –

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

None of these conditions apply here. Thus, this court cannot hold an evidentiary hearing as to the central facts that would support the claim that has been remanded. The claim, therefore, assuming it is properly before the court, must fail for lack of evidence to support it.

It is also clear that Petitioner did not raise the same claim in state court as he now seeks to litigate. He only contended that he asked his attorney to file an appeal from the revocation of probation and that his attorney failed to follow his instructions.

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard). If a claim was not fairly presented but is procedurally barred from

further state court review,[4] Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

The court may raise the issue of procedural default *sua sponte*.  See Scott v. Collins, 286 F.3d 923, 934 (6th Cir. 2002), Stafford, J., dissenting, *citing* Yeatts v. Angelone, 166 F.3d 255, 261-262 (6th Cir.) (collecting cases from the First, Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits), *cert. denied*, 526 U.S. 1095 (1999); Oakes v. United States, 400 F.3d 92, 96-97 (1st Cir. 2005) (discussing *sua sponte* the recognition of procedural default in § 2254 cases and applying it to a 28 U.S.C. § 2255 proceeding).  *Cf.* 28 U.S.C. § 2254(c) (state must expressly waive the exhaustion requirement).

If the court were to rely upon procedural default, however, it should afford Petitioner an opportunity to show cause for his default and prejudice to the outcome. Since the claim fails for lack of proof, it is recommended that the court not address the procedural default issue.

---

[4] Procedurally defaulted claims are considered technically exhausted because state court remedies no longer remain "available."  The court therefore refers to "fairly presented" claims as having been *properly* exhausted, to distinguish them from claims exhausted by procedural default.  See O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734.

## Conclusion

For these reasons, as well as the reasons set forth in the First Report and Recommendation, doc. 14, it is **RECOMMENDED** that petition for writ of habeas corpus filed by Sidney E. Scott pursuant to 28 U.S.C. § 2254 challenging the revocation of his probation and sentence in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 88-3949B, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on January 26, 2006.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**