# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

SIDNEY E. SCOTT,

       Petitioner,

v.                                  CASE NO.  4:04cv351-RH/WCS

JAMES CROSBY,

       Respondent.

_____/

## ORDER DENYING § 2254 PETITION

This petition for writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's second report and recommendation (document 18) and the objections thereto (document 19).  I have reviewed de novo the issues raised by the objections.

Petitioner was convicted in state court of new offenses and also of violating his conditions of probation.  He was sentenced to 30 years in custody on the new offenses.  His probation was revoked and he was sentenced to 12 years consecutive on that charge.  Petitioner's attorney perfected an appeal on the new offenses but not on the revocation.

Petitioner collaterally attacked the revocation is state court, asserting that his attorney failed to perfect an appeal as instructed.  The state court conducted an evidentiary hearing and found as a fact that petitioner did not instruct the attorney to appeal.  That factual finding was not unreasonable.

The issue now before this court is whether relief should be granted based on ineffective assistance of petitioner's attorney in failing adequately to consult with petitioner and to determine petitioner's wishes on the subject of whether an appeal should be taken.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

The state court's determination that petitioner did not instruct his attorney to file an appeal does not necessarily establish that the attorney was not ineffective for failing adequately to consult with petitioner and to determine his position.  Indeed, there seems little reason why a defendant in this circumstance acting rationally would *not* appeal, and the testimony of petitioner's attorney in the state evidentiary hearing seems to suggest that he made no effort to consult with or determine petitioner's position on this issue.  If in fact petitioner's attorney did not consult with him or attempt to determine his position on this issue, then, under these circumstances, that was plainly ineffective.  If those are the facts, then any conclusion by the state court that the attorney was not ineffective would be either contrary to, or an unreasonable application of, the Supreme Court's decision in

*Flores-Ortega*.

As correctly set forth in the second report and recommendation, however, petitioner did not raise this issue in state court.  To the contrary, petitioner's only assertion in state court was the he actually instructed his attorney to perfect an appeal with respect to the probation revocation as well as with respect to the new offenses.  I conclude that this assertion did not necessarily subsume the separate though logically related contention that petitioner's attorney failed adequately to consult with him and to determine his position.  Petitioner thus failed to exhaust state remedies on this issue.  As correctly set forth in the second report and recommendation, petitioner has shown neither cause for nor prejudice from the procedural default, thus precluding relief here.

For these reasons,

IT IS ORDERED:

1.  The second report and recommendation is ACCEPTED and adopted as the further opinion of the court.  The clerk shall enter judgment stating, "The petition under 28 U.S.C. § 2254 challenging petitioner's conviction and sentence in case number 88-3949B in the Circuit Court, Second Judicial Circuit, Leon County, Florida, is DENIED with prejudice."

2.  A certificate of appealability is hereby granted on the issue whether relief under 28 U.S.C. §2254 should be granted based on ineffective assistance of

petitioner's state court attorney in failing adequately to consult with petitioner and

to determine petitioner's wishes on the subject of whether an appeal should be

taken from the revocation of his probation and the resulting sentence. *See Roe v.*

*Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

SO ORDERED this 28th day of February, 2006.

s/Robert L. Hinkle
Chief United States District Judge